IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**KENNETH L. HICKS,**

       **Plaintiff,**

v.                                                                Civ. No. 11-557 JH/WPL

**BOBBY R. DAVIS and**
**HALLIBURTON ENERGY SERVICES, INC.,**

       **Defendants**

**MEMORANDUM OPINION AND ORDER OF REMAND**

This matter is before the Court on *Plaintiff's Motion to Remand, Request for Attorney Fees and Authorities in Support* [Doc. No. 7]. As grounds for the motion, Plaintiff contends that the removing party, Defendant Halliburton, has failed to meet its burden to show, in its removal papers, that the prerequisites for diversity jurisdiction have been satisfied. The Court agrees, and therefore the motion to remand will be granted.

**BACKGROUND**

On May 23, 2011, Plaintiff filed his complaint in the First Judicial District Court, Santa Fe County, New Mexico. He alleges that on August 18, 2010, Defendant Bobby R. Davis ("Davis") almost collided with him while both were driving on the same road in Rio Arriba County. At the time, Davis was an employee of Defendant Halliburton Energy Services, Inc. ("Halliburton") and he was driving a Halliburton truck. Plaintiff contends that after the near-collision, Davis got out of his vehicle, approached Plaintiff, and punched him in the mouth, knocking out three of Plaintiff's front teeth. Plaintiff asserts claims against Defendants for assault, battery, and negligence. Further, he claims he is entitled to damages for his "severe, serious, and permanent injuries," as well as

"serious emotional distress," and punitive damages. He seeks to recover "medical, professional and incidental expenses," as well as "additional like expenses for a period of time in the future." The complaint does not enumerate the amount of Plaintiff's claimed expenses, nor does it contain claims for lost wages or loss of future earning capacity. Plaintiff also alleges that he and Davis are both New Mexico residents.

On June 23, 2011, Halliburton removed the case to this Court. The perfunctory Notice of Removal states in conclusory fashion that the Court has jurisdiction over the case pursuant to 28 U.S.C. § 1332 and 1441(b). However, the Notice of Removal contains no information regarding the amount in controversy or the residency of any of the parties. On June 30, 2011, Halliburton filed its answer to the complaint in which it denied that Davis is a resident of New Mexico.

On June 29, 2011, Plaintiff filed his motion to remand the case to state district court. As grounds for the motion, Plaintiff argues that as the party seeking to remove the case, Halliburton has failed to meet its burden to show that the jurisdictional prerequisites—amount in controversy and complete diversity of the parties—have been satisfied. In further support of his motion, Plaintiff states that Davis appears to be a New Mexico resident. As evidence of this, Plaintiff attaches the police report from the incident at issue in this case, which lists a Farmington, New Mexico address for Davis. Plaintiff also attaches Davis' voter registration record, which shows that he is registered to vote in the state and that he last voted in New Mexico on June 1, 2010. Finally, Plaintiff tenders a printout from the New Mexico Taxation and Revenue Department, which shows that Davis has a valid New Mexico driver's license.

In response, Halliburton contends that Davis is a full-time resident of Texas. In support of its position, Halliburton has provided Davis' affidavit in which he states that he moved to Texas in late December of 2010, almost five months before Plaintiff filed his lawsuit. With regard to the

2

amount in controversy, Halliburton offers no facts in support of the $75,000 jurisdictional minimum. Instead, it offers emails showing that Plaintiff refused to certify that his case is worth less than $75,000.

## DISCUSSION

### I. LEGAL STANDARD

Federal district courts have original jurisdiction of civil actions where both complete diversity of citizenship and an amount in controversy in excess of $75,000 (exclusive of interest and costs) exist. 28 U.S.C. § 1332; *see Carden v. Arkoma Associates*, 494 U.S. 185, 187 (1990) ("Since its enactment, [the Supreme Court] has interpreted the diversity statute to require 'complete diversity' of citizenship."); *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269 (10th Cir. 1998) (*sua sponte* dismissing case for lack of diversity jurisdiction when claim did not exceed the requisite amount in controversy).

Where a case was originally filed in state district court, a presumption exists against removal jurisdiction, *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), and the court must resolve all doubts against removal, *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982). Because of this presumption against removal, the removing party bears the burden of establishing that removal was properly accomplished. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1271 (10th Cir.1998) (placing burden of proving jurisdiction on the party asserting it). When the plaintiff's damages are unspecified, courts generally require that a defendant establish the jurisdictional amount by a preponderance of the evidence. *Martin*, 251 F. 3d at 1290 (citations omitted). In other words, Defendants must show that the amount in controversy more likely than not exceeds $75,000. *Varela v. Wal-Mart Stores, East, Inc.*, 86 F. Supp. 2d 1109, 1111 (D.N.M. 2000) (Baldock, J., sitting

by designation).

The right to removal is determined from plaintiff's complaint at the time the petition for removal is filed. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939). *See Gould v. Mut. Life Ins. Co. of New York*, 790 F.2d 769, 773 (9th Cir. 1986).  When the amount in controversy is not apparent on the face of plaintiff's state court complaint, the federal court must attempt to ascertain the amount in controversy by considering (1) plaintiff's cause of action as alleged in the complaint, (2) the notice of removal defendant filed with the federal court, and (3) other relevant materials in the record. *Varela*, 86 F. Supp. 2d at 1111 (citing 14C CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3725 at 73 (3d ed.1998)). *See also Laughlin*, 50 F.3d at 873 ("The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal."). Federal court jurisdiction is to be strictly construed. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 61 S.Ct. 868 (1941).

## II.     AMOUNT IN CONTROVERSY

A review of the complaint reveals absolutely no basis from which to conclude that the amount in controversy exceeds $75,000. Plaintiff merely makes a demand for compensatory and punitive damages, and the complaint does not contain any concrete facts from which one might infer the amount of those alleged damages. Further, it is far from clear that the loss of two or three teeth would place the Plaintiff's damages above $75,000. Where the face of the complaint does not affirmatively establish the requisite amount in controversy, the Tenth Circuit's plain language in *Laughlin* requires a removing defendant to set forth, in the removal documents, not only the defendant's good faith belief that the amount in controversy exceeds $75,000, but also facts underlying defendant's assertion. 50 F.3d at 873. In other words, a removing defendant must set

forth in the notice of removal specific facts which form the basis of its belief that there is more than $75,000 at issue in the case. The removing defendant bears the burden of establishing federal court jurisdiction. *Laughlin*, 50 F.3d at 873.

In this case, Halliburton has not met its burden. The Notice of Removal contains no information supporting the conclusion that the case satisfies the amount in controversy. Halliburton has failed to come forth with any specific facts, such as the amount of Plaintiff's medical expenses or a written settlement offer by the Plaintiff, to support its allegations regarding the *amount* placed in controversy by Plaintiff's claims. Similarly, the remainder of the official court file contains no evidence to support Halliburton's claim regarding the jurisdictional amount. Thus, the requirements for demonstrating the jurisdictional amount as set forth by the Tenth Circuit in *Laughlin* have not been satisfied. The only evidence that Halliburton has supplied is an exchange of email between its attorney and Plaintiff's counsel, in which Halliburton's attorney unsuccessfully attempted to coax Plaintiff's counsel into stipulating that the case is worth less than $75,000. However, Plaintiff's refusal is not evidence of the jurisdictional amount. In *Varela*, Judge Baldock rejected the same argument offered by the defendant in that case:

> Defendant essentially asks the Court to shift the burden to Plaintiff by establishing a rule whereby a plaintiff must stipulate that her damages are less than the jurisdictional amount in order to avoid removal to federal court. But the fact that a jury could conceivably award Plaintiff damages in excess of $75,000 is immaterial. Because Plaintiff is the master of her lawsuit, the Court declines to draw any negative inference from her refusal to stipulate to a cap on damages in the absence of any proof that her claims exceed the required amount in controversy.

*Varela*, 86 F.Supp.2d at 1112 (internal citation omitted). This Court agrees and similarly refuses to shift the burden back to Plaintiff in this manner.

Because Halliburton has not met its burden as defined by the *Laughlin* court, this Court concludes that it lacks subject matter jurisdiction and that it must remand the action to the state

district court.

## III.   ATTORNEY'S FEES

The language of 28 U.S.C. § 1447(c) directs that the award of attorney's fees rests squarely within the discretion of the district court when a remand is ordered. *See* § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." (emphasis added)).

As the Tenth Circuit has recognized, "[i]n deciding whether to award costs under § 1447(c), the key factor is the propriety of defendant's removal.  The district court does not have to find that the state court action has been removed in bad faith as a prerequisite to awarding attorney fees and costs under § 1447(c)." *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 322 (10th Cir. 1997) (internal citations omitted).  On the other hand, attorney's fees may be denied where the defendant "had a fair basis for removing the case." *Daleske v. Fairfield Cmtys, Inc.*, 17 F.3d 321, 324 (10th Cir. 1994).  In other words, a plaintiff is not automatically entitled to attorney's fees simply because removal was ultimately determined to be improper. *Martin v. Franklin Capital Corp.*, 393 F.3d 1143, 1147 (10th Cir. 2004).  Thus, "the question we consider in applying § 1447(c) is whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). *Accord Martin*, 393 F.3d at 1148 (citing *Valdes*).

Thus, the question is whether Halliburton had an objectively "fair basis" for believing subject matter jurisdiction existed on the date it filed its removal papers. *Daleske*, 17 F.3d at 324. Here, Halliburton has set forth absolutely no factual basis for its belief that the amount in controversy is satisfied in this case, such as the amount of Plaintiff's medical bills.  Halliburton has not described what investigation of the facts it may have conducted in order to ascertain the propriety of removal.

6

Instead, Halliburton has relied exclusively on the general types of damages Plaintiff claims (compensatory, future, and punitive), along with his counsel's refusal to stipulate to an amount less than $75,000. This absence of information in the record leaves the Court to conclude that the Defendant lacked a fair and objectively reasonable basis for its belief that removal was proper. Thus, the Court will grant Plaintiff's request for attorney's fees.

Plaintiff's counsel has requested fees for filing the motion to remand. Specifically, in his motion Plaintiff's counsel asked for compensation for 8.5 hours of work at the rate of $250 per hour, plus 7% gross receipts tax, for a total of $2,275.50. Though Halliburton objected to an award of fees as improper under the circumstances, it raised no objection either to the number of hours spent or to counsel's hourly rate. However, at the October 13, 2011 hearing on this issue, Plaintiff agreed to lower his request for attorney's fees to $1,000.00 plus 7% gross receipts tax. The Court finds the amount requested to be reasonable and therefore awards Plaintiff $1,000 plus 7% gross receipts tax for a total of $1,070.00.

**IT IS THEREFORE ORDERED** that *Plaintiff's Motion to Remand, Request for Attorney Fees and Authorities in Support* [Doc. No. 7] is **GRANTED**, and the case is hereby **REMANDED** to the First Judicial District Court, Santa Fe County, New Mexico.

**IT IS FURTHER ORDERED** that Defendant Halliburton must pay Plaintiff's attorneys' fees in the amount of $1,070.00.

*/s/ Judith C. Herrera*
UNITED STATES DISTRICT JUDGE